IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  04-cv-2440-ZLW-MJW

WILLIAM SAMUEL McLEAN, JR.,

    Plaintiff,

v.

DR. STEVEN R. CLOUGH, O.D.,

    Defendant.
_____

ORDER
_____

    Plaintiff William Samuel McLean, Jr., filed this Prisoner Complaint on November 24, 2004, against Defendant Dr. Steven R. Clough, O.D., asserting federal question jurisdiction under 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>.[1]  The Complaint alleges that Defendant acted with deliberate indifference by causing Plaintiff serious injury during an optometry examination in the prison, in violation of the Eighth Amendment.  Plaintiff also may be asserting a supplemental state law professional negligence claim based on the alleged incident.  Pursuant to Fed. R. Civ. P. 72, this matter was referred to Magistrate Judge Michael J. Watanabe.  Defendant Clough's Motion To Dismiss (First Motion) was filed on July 7, 2005, and Dr. Clough's Motion To Dismiss For Failure To Comply With Certificate Of Review

---

[1] 403 U.S. 388 (1971).

Requirement (Second Motion) was filed on August 5, 2005.  The Magistrate Judge issued a Recommendation on the two motions on September 30, 2005, recommending that the First Motion be denied and that the Second Motion be granted in part to the extent that Plaintiff may be raising a state law claim of professional negligence.  Plaintiff has filed no objections to the Recommendation.  Defendant objects to the Magistrate Judge's Recommendation with respect to the Second Motion only, arguing that Plaintiff's failure to file a certificate of review pursuant to Colo. Rev. Stat. § 13-20-602 bars not only Plaintiff's professional negligence claim, but his Eighth Amendment claim as well.  The Court reviews the Magistrate Judge's Recommendation *de novo.*[2]

Colo. Rev. Stat. § 13-20-602(10)(a) provides that,

> [i]n every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each . . . licensed professional named as a party . . . within sixty days after the service of the complaint . . . .

Because § 13-20-602 is substantive state law, it applies to supplemental state law claims brought in federal question actions.[3]  In his Recommendation, the Magistrate Judge determined that the § 13-20-602 certificate of review requirement does not apply to Plaintiff's Eighth Amendment claim because § 13-20-602 by its terms applies only to

---

[2] See Fed. R.  Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).

[3] See Trierweiler v. Croxton and Trench Holding Corp., 90 F.3d 1523, 1538-1541 (10th Cir. 1996) (certificate of review requirement is substantive state law); Jones v. Denver Post Corp., 203 F.3d 748, 757 (10th Cir. 2000) (court applies substantive state law to supplemental state claims in a federal question lawsuit).

professional negligence claims.  Defendant objects to that conclusion, arguing that because the certificate of review requirement applies to all claims against licensed professionals which will require expert testimony,[4] the certificate of review requirement applies to Plaintiff's Eighth Amendment deliberate indifference claim.  The Court need not resolve this debate, however, because the Court does not apply state substantive law such as § 13-20-602 to federal claims, whether or not supplemental state claims accompany them.[5]  Thus, § 13-20-602 does not apply to Plaintiff's Eighth Amendment claim.  The Court agrees with the Magistrate Judge's ultimate conclusion that Plaintiff's failure to file a certificate of review pursuant to Colo. Rev. Stat. § 13-20-602 does not bar the Eighth Amendment claim, albeit for reasons not addressed by the Magistrate Judge.

The Court has reviewed, and hereby accepts and adopts, the remainder of Magistrate Judge's Recommendation, to which no objections have been filed.  Therefore, it is

ORDERED that Defendant Clough's Motion To Dismiss [Doc. 84] is denied.  It is

---

[4] See Martinez v. Badis, 842 P.2d 245, 252 (Colo. 1992); Teiken v. Reynolds, 904 P.2d 1387, 1389 (Colo. App. 1995); Espander v. Cramer, 903 P.2d 1171, 1174 (Colo. App. 1995).

[5] See e.g. Sandoval v. City of Boulder, 388 F.3d 1312 (10th Cir. 2004) (applying federal substantive law to Title VII claims and state substantive law to supplemental state breach of contract and promissory estoppel claims).

FURTHER ORDERED that Dr. Clough's Motion To Dismiss For Failure To Comply With Certificate Of Review Requirement [Doc. 91] is granted in part, to the extent that Plaintiff is asserting a state law claim of professional negligence.  It is

FURTHER ORDERED that Dr. Clough's Motion To Dismiss For Failure To Comply With Certificate Of Review Requirement [Doc. 91] otherwise is denied.  It is

FURTHER ORDERED that this case is returned to the Magistrate Judge for further recommendations and/or to prepare the case for trial or disposition.

DATED at Denver, Colorado, this   9   day of March, 2006.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court